UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAMADOU SECK,<br>Petitioner,<br>v.<br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>Respondent. | No. 1:26-cv-04027-DJC-AC<br><br>ORDER |

Before the Court is a Petition for a Writ of Habeas Corpus, in which Petitioner seeks release from the custody of Immigration and Customs Enforcement ("ICE"). For the reasons stated below, the Petition is granted.

**BACKGROUND**

Petitioner is a noncitizen who entered the United States in January 2024 and was detained by U.S. Customs and Border Patrol ("CBP") shortly thereafter. (Opp'n (ECF No. 9) at 1.) Petitioner was then released on his own recognizance. (*Id.*) On September 26, 2025, an Immigration Judge denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered Petitioner removed from the United States, a decision Petitioner appealed to the Board of Immigration Appeals ("BIA"). (*Id.*) On January 23, 2026,

while this appeal was pending, Petitioner left the United States and entered Canada. (*Id.* at 1–2.) The "Canadian Border Services Agency returned Petitioner to the United States by transferring custody to CBP." (*Id.* at 2.)

Petitioner then filed the Petition for a Writ of Habeas Corpus before the Court. (ECF No. 1.) Briefing on this matter is now complete. (Pet. (ECF No. 1); Am. Pet. (ECF No. 7); Opp'n (ECF No. 9); Reply (ECF No. 10).) The Court ordered this matter submitted without oral argument. (*See* ECF No. 8.)

## DISCUSSION

### I. Detention Authority

The parties dispute which statute governs Petitioner's detention. While it is true that Petitioner's prior release on his own recognizance originally subjected him to 8 U.S.C. § 1226(a), as Petitioner contends, his exit from and reentry to the United States alters that analysis. (*See* Reply at 2.) Because Petitioner arrived in the United States from Canada and was apprehended at the border, Petitioner is subject to 8 U.S.C. § 1225 and is thus mandatorily detained pursuant to its provisions. *See Barrow v. Noem*, No. 0:26-cv-1029, 2026 WL 445500, at *1–2 (D. Minn. Feb. 17, 2026) (holding noncitizen previously released on his own recognizance who fled to Canada and was then returned to the United States by Canadian authorities was subject to mandatory detention under section 1225); *see also Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) (concluding "that § 1225(b)(2)(A), based on its text and context, is best construed as applying to aliens entering the United States at the border").

### II. Prolonged Detention

This Court has previously joined other districts in concluding that the unreasonably prolonged detention of individuals such as Petitioner under section 1225(b) without a bond hearing can violate the Due Process Clause. *See Mohammed v. Warden of Cal. City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); *see also Ding v. Noem*, No. 1:26-cv-01217-DJC-SCR, 2026 WL 776029, at *1 (E.D. Cal. Mar. 19, 2026); *Abdul-Samed v. Warden of Golden State*

*Annex Det. Facility*, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

Petitioner argues his over seven-month detention without any individualized assessment violates the Due Process Clause. (Am. Pet. ¶ 26.) To determine if Petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was initially detained in January 2026 and has remained in custody for the seven months since. (Am. Pet. ¶ 38.) Further, Petitioner faces indefinitely prolonged detention while the administrative and potentially judicial review of his removal order takes place. As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation will continue for a protracted and indefinite period, Petitioner has established his liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must determine whether Petitioner is now due process under the Constitution. Courts in this Circuit weigh the following factors to ascertain when prolonged detention

violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); *see, e.g.*, *Sandesh v. LaRose*, No. 3:26-cv-00846-JES-DDL, 2026 WL 622690, at *3 (S.D. Cal. Mar. 5, 2026) (finding "it most appropriate to apply the *Banda* test to Petitioner's detention here under § 1225(b), as other courts within this district have done in the past" and collecting cases).

First, the length of detention, which is "the most important factor," weighs in Petitioner's favor as Petitioner has been detained for over seven months. (Am. Pet. ¶ 38; *Martinez*, 2019 WL 5968089, at *9.) That length of time aligns with that other courts in this Circuit have found sufficiently prolonged to warrant relief. *See Amado v. United States Dep't of Just.*, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases).

The second factor also weighs in Petitioner's favor. This factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9. Petitioner has appealed the Immigration Judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered Petitioner removed from the United States to the BIA. After the BIA decides Petitioner's appeal, either party may seek judicial review of that decision in the Ninth Circuit. Therefore, Petitioner's detention may endure indefinitely while determinations about his removability and claims for protection are made and appealed. *Id.* (finding likely length of future detention absent judicial intervention

weighed in favor of granting a bond hearing even where Petitioner had already been ordered removed and filed an appeal). Thus, this factor weighs in Petitioner's favor. *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of petitioner who had appealed the Immigration Judge's decision to the BIA).

The third factor also favors Petitioner. "The more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (quotation omitted). Petitioner "is held in a locked down facility, with limited freedom of movement and access to Petitioner's family or support network." (Am. Pet. ¶ 35.) Moreover, courts have noted that "the circumstances of [noncitizens'] detention are similar, so far as we can tell, to those in many prisons and jails." *Jennings v. Rodriguez*, 583 U.S. 281, 329 (2018) (Breyer, J., dissenting). The Ninth Circuit has noted "evidence of subpar medical and psychiatric care in ICE detention facilities." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). And other individuals recently detained at the California City Detention Center have confirmed the "lack of medical care at California City," and reported that the lights are on "24/7" and that detainees lack access to showers. *Navarette-Leiva v. Chestnut*, No. 1:26-cv-03966-DJC-SCR, 2026 WL 2169096, at *3 (E.D. Cal. July 28, 2026). The penal nature of Petitioner's confinement thus favors granting him a bond hearing.

The fourth and fifth factors tilt toward Petitioner. Respondents do not assert or supply any evidence indicating that Petitioner has unreasonably or in bad faith delayed his own removal proceedings. Instead, Respondents solely argue that the length of Petitioner's detention is attributable to his decision to appeal his removal order. (Opp'n at 3.) But Petitioner's pursuit of lawful pathways for relief do not weigh against him. *See Martinez*, 2019 WL 5968089, at *10 (distinguishing between "legitimate defenses" to removal, "which cannot undermine [a petitioner's] claim that detention has become unreasonable" and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings"). And though Petitioner also points to no steps the Government has taken in bad faith to delay these proceedings, "this delay is attributable to the Government." *Id.* at *10.

Finally, the sixth factor is neutral as the Court lacks sufficient information to assess the likelihood that Petitioner's appeal will result in a final order of removal and, therefore, declines to do so. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

The balance of these factors supports Petitioner as five factors, including the most important one, the length of Petitioner's detention, weigh in Petitioner's favor while none weigh in the Government's favor. Having established Petitioner has a liberty interest and determined that his prolonged and indefinite detention entitles him to process, the Court grants Petitioner a bond hearing.

## CONCLUSION

As Respondents invited the Court to rule on the merits of the underlying Petition (*see* Opp'n at 1) and Petitioner has not objected to this Court doing so, the Court does so here. Accordingly, IT IS HEREBY ORDERED that:

1. The First Amended Petition for Writ of Habeas Corpus (ECF No. 7) is GRANTED.

2. Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.[1] In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez*, 872 F.3d at 1000.
3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **September 8, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Seck26cv04027.merits

[1] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here. *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).